## MEYERS v. SHAPIRO.

(Supreme Court, Appellate Division, Second Department.  June 29, 1908.)

CONTRACTS—PERFORMANCE—CERTIFICATES IN GENERAL.

Where a contract for the construction of a sewer provided for payment on the production by the contractor of a certificate from the building department or any department of the city, the liability of the owner was contingent upon the certificate.

Appeal from Municipal Court of New York.

Action by Michael Meyers against Isaac Shapiro.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Adolph Engel, for appellant.
John H. Steenwerth, for respondent.

WOODWARD, J. The plaintiff brought this action to recover the sum of $115 for the construction of a sewer for the defendant. The pleadings were oral, and demanded the sum above mentioned for work, labor, and materials used in the construction of the sewer. The plaintiff put in evidence a written contract, which provided:

"When all work has been completed, and a certificate from the building department or any department of the city of New York is delivered to the party of the first part, the party of the first part is to pay to the party of the second part the sum of $115 for all services rendered and materials furnished in and about said work."

The trial was once adjourned for the express purpose of permitting the plaintiff to produce the certificate required under the contract; but no such certificate was produced, nor was any excuse proved, except that the plaintiff testified that he called on the chief engineer of the sewer department, and that that official had informed him that his department did not issue certificates to show that the work had been properly done. The contract, however, did not provide for the contingency that the sewer department—if there is such a department—did not issue these certificates. The condition of payment was that the "building department" or some department of the city should certify that the work had been properly done; and, as the plaintiff relied upon the contract, he was bound to produce such a certificate, or to show that such certificate had been unreasonably or unjustifiably withheld. There was no attempt to do this, and the defendant's evidence shows that the work was not completed in some details, although the plaintiff testified, without objection, that the work was completed under the contract. But the defendant's liability was contingent upon the certificate which he provided for in his contract, and he had a right to insist upon the performance of this condition.

It was error, therefore, to refuse to dismiss the complaint upon defendant's motion, and for that error the judgment should be reversed, with costs.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.